IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : 3:22-CR-101 |
| | : (JUDGE MARIANI) |
| JONATHAN PENA-CHARLES, | : |
| Defendant. | : |

### MEMORANDUM OPINION

On March 16, 2022, a federal grand jury issued a one-count Indictment against Defendant Jonathan Pena-Charles for Hindering Removal in violation of 8 U.S.C. § 1253 (Doc. 1). On October 11, 2022, Defendant filed a *Nunc Pro Tunc* Motion to Dismiss the Indictment (Doc. 31), asserting that "his order of removal – which forms the basis of this hindering case – is invalid" (*id.* at ¶ 12) and setting forth the reasons therefor (*see also*, Doc. 34). The Government timely filed a brief in opposition to Defendant's motion. (Doc. 37). Defendant did not file a Reply brief. The Motion to Dismiss is now ripe for disposition.

Defendant's motion to dismiss arises from a series of legal proceedings prior to the filing of the present federal indictment in March of 2022. As summarized by the Defendant in his brief in support of the pending motion:

> Jonathan Pena-Charles, a native of the Dominican Republic, came to the United States as a lawful permanent resident on March 19, 2009, at age 17. His visa was for that of a child of an alien resident. He adjusted well to the United States and lived here without problems until 2013 when, at age 21, he was arrested in Luzerne County and charged with terroristic threats and reckless endangerment. With the assistance of counsel, he entered into a plea

> agreement wherein he would plead guilty to terroristic threats and recklessly endangering another person for an agreed upon sentence of one year less one day of probation. He was specifically told, on the record, that such a plea would not have immigration consequences. His lawyer was wrong. There was no legal significance of a sentence of probation for a year less a day – the crime to which Mr. Pena-Charles plead, on advice of counsel, was a crime of moral turpitude that had a possible sentence of one year or longer, rendering him deportable. Mr. Pena-Charles pleaded guilty pursuant to his agreement, [and] was sentenced to a year of probation minus one day. . . .

(Doc. 34, at 1-2) (emphasis omitted). Thereafter, in March of 2021, the Government charged Defendant with removability as a noncitizen convicted of a crime involving moral turpitude.

> Appearing before an Immigration Judge, Pena Charles challenged the charge of removability. The IJ rejected that argument, noting that [the Third Circuit] had specifically concluded that a conviction under § 2706(a)(1) categorically is a "crime involving moral turpitude." *Javier v. Att'y Gen.*, 826 F.3d 127, 131 (3d Cir. 2016). Pena Charles also sought to apply for cancellation of removal under 8 U.S.C. § 1229b(a). The IJ denied that request, holding that Pena Charles was not statutorily eligible because he had not accrued seven years of continuous residence. In particular, the IJ concluded that Charles Pena's commission of the offense that rendered him removable triggered the stop-time rule. *See* 8 U.S.C. § 1229b(d)(1) (providing that the seven-year period terminates upon commission of certain criminal conduct). The Board of Immigration Appeals affirmed without opinion.

*Pena Charles v. Att'y Gen.*, 2022 WL 337000, *1 (3d Cir. 2022). Pena-Charles petitioned for review of the Board of Immigration Appeals' Order to the Third Circuit Court of Appeals. *See generally, id.* On February 4, 2022, the Third Circuit denied the petition for review, finding that "the IJ properly held that Pena Charles' offense was categorically a crime involving moral turpitude" and that because Pena Charles "did not challenge the denial of cancellation of removal on appeal to the Board . . . in his merits brief, or in opposition to the

2

Government's motion for summary disposition . . . we cannot review that determination." *Id.* at *2.

On May 4, 2022, following the issuance of the Third Circuit's denial of Defendant's petition for review and the subsequent indictment for hindering removal in the present action, Defendant filed a "Motion for Post Conviction Collateral Relief Nunc Pro Tunc" (Doc. 34-3) in the Luzerne County Court of Common Pleas. The state court dismissed the petition on September 13, 2022, and the dismissal remains pending on appeal before the Superior Court of Pennsylvania. (*See* Doc. 34, at 5).

Pena-Charles filed his *Nunc Pro Tunc* Motion to Dismiss the Indictment (Doc. 31) in this case on October 11, 2022, arguing that "the removal order is invalid because it relied on a defective conviction", specifically that Pena-Charles was not warned of the consequences of his guilty plea in state court, in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010) and its progeny.[1] (Doc. 34, at 7). Defendant asserts that because the conviction in state court "is constitutionally infirm and cannot stand as a proper basis for a removal order", the indictment should be dismissed. (*Id.*).

---

[1] In *Padilla*, the petitioner, a lawful permanent resident of the United States, pleaded guilty to transportation of marijuana which resulted in him facing removal proceedings. Petitioner filed for postconviction relief in state court on the basis that his counsel was ineffective for failing to advise him that his guilty plea would result in his removal. The Supreme Court of Kentucky denied Padilla's postconviction relief, holding that the Sixth Amendment's guarantee of effective assistance of counsel does not protect a criminal defendant from erroneous advice about deportation because it is merely a "collateral" consequence of his conviction. *Padilla*, 559 U.S. at 359. The United States Supreme Court reversed, holding that "constitutionally competent counsel would have advised [Padilla] that his conviction for drug distribution made him subject to automatic deportation". *Id.* at 360. However, the Supreme Court declined to address whether this error prejudiced Padilla such that he was entitled to relief. *Id.* at 360, 374.

Despite Defendant's focus on the validity of the order of removal, the propriety of the immigration proceedings and issuance of the order of removal are not directly at issue in this case. Rather, Defendant is challenging the state court proceedings which resulted in the United States charging him with removability as a noncitizen convicted of a crime involving moral turpitude. Thus, on the current record, it is clear that the order of removal may only be invalid if the underlying conviction in state court is found to be invalid. The order of removal at issue has been judicially reviewed and upheld and is properly based on, what is at present, a valid conviction in state court for a crime involving moral turpitude. Thus, despite being styled as a challenge to the order of removal, Defendant's motion to dismiss necessarily asks this Court to determine not the validity of the order of removal, but whether his state court conviction is valid due to an alleged violation of the principles set forth in *Padilla*.[2] The Court is without jurisdiction to do so in the present posture of this case.

Further, the procedural history of this case supports this Court's view that it is presented here with a valid order of removal, upheld by the Third Circuit Court of Appeals, which this Court has no jurisdiction to review.

The indictment charges Pena-Charles with violation of Section 1253(a)(1)(C) of the Immigration and Nationality Act ("INA"). (Doc. 1). In relevant part, under subsection (C), an

---

[2] Defendant's challenges to the validity of his underlying state court conviction may be properly subject to review through a PCRA petition, which the Court notes that Defendant is currently pursuing in the Pennsylvania state courts, and ultimately through a habeas petition in federal court pursuant to 28 U.S.C. § 2254.

4

alien who is subject to a final order of removal is subject to imprisonment or a criminal fine if he "connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering [his] departure. . . ." 8 U.S.C. § 1253(a)(1)(C). If an alien is charged under § 1253, he may challenge the validity of the underlying order of removal in accordance with procedures set forth in § 1252(b)(7):

> If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

8 U.S.C. § 1252(b)(7)(A). In *United States v. Dohou*, the Third Circuit recognized that the Immigration and Nationality Act, and specifically 8 U.S.C. § 1252(b)(7)(A), authorizes the collateral attack of a removal order that has never been "judicially decided". 948 F.3d 621, 623, 624 (3d Cir. 2020). The Circuit Court interpreted the term "judicially decided" to mean that the removal order must have been reviewed by an Article III court. *Id*. "If the district court rules that the removal order is invalid, the court shall dismiss the indictment for violation of section 1253(a) of this title." 8 U.S.C. § 1252(b)(7)(C).

In the present case, Pena-Charles recognizes that the Third Circuit reviewed his removal order and denied his petition for review, but argues that, because he did not raise the issue of whether his removal order was invalid because it "relied on a faulty conviction" before the Third Circuit, this issue has not been judicially decided. (Doc. 34, at 6-7). Defendant's argument misses the mark. Preliminarily, the language of § 1252(b)(7)(A) and

5

the Third Circuit suggest that the term "judicially decided" applies to review of the removal order itself, not to a judicial decision of every issue an alien may raise, or fail to raise, when challenging the order. Section 1252(b)(7)(A) and the Third Circuit's interpretation thereof each refer to a judicial determination of the validity of an order of removal. Here, it is undisputed that such a determination has been made. There is no language to suggest that an Article III court is vested with jurisdiction to review, anew, the validity of the order of removal once it has already been judicially reviewed and decided. Further, Defendant's argument would permit an alien subject to a final order of removal to raise piece-meal and repeated collateral challenges to the removal order, even after the original removal order has been judicially decided, in a continued attempt to evade federal prosecution and prevent deportation.

For the foregoing reasons, the Court will deny Defendant's *Nunc Pro Tunc* Motion to Dismiss the Indictment (Doc. 31).

_____
Robert D. Mariani
United States District Judge